UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG STAWIARKSI and CARA
STAWIARKSI,

       Plaintiffs,

                                 Case No. 03-73103

v.

                                 Honorable Patrick J. Duggan

GUARANTY RESIDENTIAL LENDING,
d/b/a Homestead USA,

       Defendant/Third-Party
       Plaintiff

v.

JEFF HALEK, d/b/a Evergreen Appraisal,

       Third-Party Defendant.

_____/

## ORDER DENYING PLAINTIFFS' SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT

      At a session of said Court, held in the U.S.
       District Courthouse, Eastern District
      of Michigan, on_____.

      PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

      Plaintiffs filed this action on August 13, 2003, asserting numerous claims against

Defendant Guaranty Residential Lending, doing business as Homestead USA

("Homestead"). The matter originally was assigned to the Honorable George E. Woods.

1

On October 24, 2003, Plaintiffs filed a motion for partial summary judgment with respect to Homestead's liability. On August 20, 2004, this lawsuit was transferred to this Court upon Judge Woods' retirement. This Court subsequently held a hearing on Plaintiffs' motion, as well as other pending motions, on November 4, 2004. Finding disputed issues of fact with respect to elements of Plaintiffs' claims, the Court denied Plaintiffs' motion for partial summary judgment on November 19, 2004.

On March 9, 2005, Plaintiffs filed a second motion for partial summary judgment. In this motion, Plaintiffs argue that they are entitled to a partial summary judgment based on the facts and the law. Plaintiffs, however, do not point to any "newly discovered" evidence to support this second motion for partial summary judgment; nor do Plaintiffs assert any change in the law. In fact, the facts and law presented to this Court in support of this second motion for partial summary judgment are facts and law which Plaintiffs were or should have been aware of at the time of the hearing on the first motion for partial summary judgment. Plaintiffs argue that they should not be precluded from seeking a second motion for summary judgment based on certain facts and law simply because they previously failed to present those facts and law in support of their previous motion for partial summary judgment.

Defendants contend that Plaintiffs' second motion for partial summary judgment is improperly brought because it is, in effect, a motion for reconsideration. This Court agrees. The essence of Plaintiffs' argument is that the Court's prior decision denying their motion for partial summary judgment was in error. A party's "remedy," where it believes that a prior ruling by the Court was in error, is to bring a motion for

2

reconsideration. Pursuant to Local Rule 7.1(g)(1), however, a motion for reconsideration must be brought within ten days of the Court's order. Clearly, Plaintiffs' second motion for partial summary judgment was filed far beyond that time limit. For this reason alone, Plaintiffs' second motion for partial summary judgment must be denied.

Even if this Court were to consider this motion to be properly brought, the Court is not persuaded that Plaintiffs are entitled to partial summary judgment. Among other things, Plaintiffs seem to argue that the Court previously erred in concluding that a question of fact exists as to whether Plaintiffs would have been obligated to complete the purchase of the property because they had a binding purchase agreement with the sellers of the property. Plaintiffs now present facts to show that the sellers failed to disclose material information that the law allegedly required them to disclose; and therefore, Plaintiffs argue that they would have been able to declare the purchase agreement void.

Homestead responds however, that in their state court lawsuit against the sellers, Plaintiffs already raised and argued the issue of whether the sellers' failure to disclose a material "defect" about the property relieved Plaintiffs of their obligation to complete the purchase. Apparently, the Oakland County Circuit Court decided this issue against Plaintiffs. Therefore, this Court is not prepared to rule as a matter of law that Plaintiffs were relieved of their obligation to complete the purchase of the property based on the sellers' alleged non-disclosure.

Plaintiffs also appear to argue that if Homestead had known that the property was in a flood zone requiring flood insurance, Plaintiffs would not have been able to obtain the conventional loan which was a condition of the purchase agreement. While Plaintiffs

3

provide some evidence to support this argument, the Court is not prepared to rule as a matter of law that they would not have obtained a conventional mortgage and therefore satisfied the condition of the purchase agreement.

For the reasons set forth above and for the reasons set forth at the hearing on May 19, 2005, the Court continues to believe that an issue of fact exists and that partial summary judgment would be inappropriate.

Therefore,

**IT IS ORDERED**, that Plaintiffs' second motion for partial summary judgment is **DENIED**.

_____

s/Patrick J. Duggan
Patrick J. Duggan
United States District Judge

Dated:  June 2, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 2, 2005, by electronic and/or ordinary mail.

s/Marilyn Orem
Case Manager